UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**FELIPE OTEZE FOWLKES,**

    **Plaintiff,**

    v.                                                                    Civil Action No. 15-cv-13243-IT

**SUPERINTENDENT LISA A. MITCHELL, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

August 11, 2016

**TALWANI, D.J.**

### I.  Introduction

Now before this Court is defendant Superintendent Lisa A. Mitchell's Motion for Reconsideration [#45] requesting reconsideration of the Memorandum and Order [#6] granting plaintiff's Motion for Leave to Proceed *in forma pauperis*. In that Memorandum and Order, this Court found plaintiff to be a three-strikes litigant pursuant to 28 U.S.C. § 1915(g); however, plaintiff was permitted to proceed *in forma pauperis* since he had alleged that he was in "imminent danger of serious physical injury." Memorandum and Order [# 6 at 3-4].

Defendant Mitchell contends that plaintiff was not at the time of filing of the Complaint, or at any point thereafter, in imminent danger of serious physical injury, and that plaintiff therefore is not entitled to proceed *in forma pauperis*. In support, Souza Baranowski Correctional Center ("SBCC") Correctional Program Officer Kimberly Butland avers that since plaintiff's transfer from Old Colony Correctional Center ("OCCC") to the Special Housing Unit ("SHU") at the SBCC on February 24, 2015, there have been no reported incidents involving any SBCC inmate. Affidavit of Kimberly Butland [#47]. Butland also states that plaintiff had not reported

1

any physical confrontation with any inmate, nor had any confrontation been observed. Affidavit [#47 at ¶¶ 15, 16]. Additionally, Butland asserts that plaintiff has not identified any SHU inmate with whom there was a conflict. Id. at ¶ 19.

Butland alleges further that in June, 2015, October, 2015 and February, 2016, plaintiff had classification hearings at which he refused to identify by name any of his enemies and continued to refuse general population housing. Id. at ¶¶ 21, 23-24. She states that at a recent classification hearing on February 22, 2016, it was recommended that plaintiff remain in the SHU. Further, according to Butland, it was not until March 23, 2016 -- more than a year since plaintiff's transfer to SBCC and seven (7) months after he filed the instant action (on August 25, 2015) -- that plaintiff agreed to provide a list of names of inmates that he wished to have documented as conflicts. Id. at ¶ 25. He submitted a list of nine inmates, along with "all of the OCCC staff" named in his lawsuit. Butland further avers that a review of plaintiff's conflict list did not note any names of inmates who are in the SHU with the plaintiff, nor has he claimed that those enemy inmates reside in the SHU. Id. at ¶ 28. She claims plaintiff's list was given to the Inner Perimeter Security unit at SBCC for review, and a meeting with him took place to address his concerns. Id. at ¶¶ 26-27.

In response to the Defendant's Motion for Reconsideration, plaintiff filed an Opposition [#51], along with exhibits. The first exhibit contains an SBCC Classification Report [#51-1] reflecting the Board review on February 22, 2016. That report indicated, in relevant part, that plaintiff's transfer to a medium security facility was warranted; however, there was an "override for retention in maximum security as the subject [plaintiff] is adamant that continued SHU status is warranted and return to the OCCC SHU is not an option at this time." Id. at 1.  Further, the report indicated that "[t]he Board encouraged the subject [plaintiff] to consider placement in

medium security in a population setting, specifically NCCI medium, but he refused to consider this option, claiming fear for safety." Id. (brackets added). The override was approved, and he remains at SBCC. Id. at 2.

In the Opposition itself, plaintiff alleges that he remains in imminent danger from the threat of being returned from single cell occupancy at SBCC to a double-bunking assignment at OCCC. Opposition [#51 at ¶ 1]. He adds that his re-classification reviews occur every four months, and that he will be returned to OCCC "after my conflict issues are resolved." Id. at ¶ 2.

Plaintiff contends further that the SBCC Classification Board's recommendation for him to remain at SBCC "can be modified" by defendants Lori A Cresey and Kathleen J. Doyle to send him to the SHU at OCCC. Id. at ¶ 3. He cites to such a modification made by Kathleen J. Doyle in October, 2011, resulting in his transfer in February, 2012. Id.[1] He claims that as a result, he was subjected to the threat of force and violence at OCCC, where he was double-bunked. He further contends that if he is again transferred to a double bunk cell at OCCC, he will be in imminent danger. Plaintiff argues that he should not have to wait until he is transferred to OCCC to allege the threat of imminent danger and death by being double-bunked. Id. at ¶¶ 8-9.

**II. Discussion**

As this Court noted in the prior Memorandum and Order, many of plaintiff's allegations of imminent danger were based on past alleged wrongdoings and therefore did not demonstrate

---

[1] Plaintiff offers as support for his claims concerning his past transfer a SBCC Classification Report dated April 5, 2012 [#51-2] and an Inmate Grievance form dated February 24, 2012. [#51-3]. Plaintiff took issue with the recommendation that he be transferred to NCI Gardner's sex offender program, claiming innocence of a sex crime. He also contended that he could not accept a transfer to any medium security prisons because of his fear for his safety in them. He sought instead to be classified to a minimum security prison or to a protective custody program out of state. Plaintiff complained, *inter alia,* that SBCC staff and Department of Correction ("DOC") transportation staff threatened to use force against him if he refused to accept a transfer from the SHU at SBCC to the SHU at OCCC. Plaintiff's grievance was denied.

sufficiently that he was in "imminent" danger. Memorandum and Order [#6 at 2]. Additionally, the Court noted that plaintiff's claim that he is in imminent danger because at unspecified times in the future he may be housed in protective custody at OCCC or SBCC did not demonstrate sufficiently that his danger is imminent. Id.

This Court nonetheless permitted plaintiff to proceed *in forma pauperis* in an abundance of caution and because plaintiff had alleged the defendants refused to place his enemies list on his record. The Court has now reconsidered this determination based on the further filings of the parties. Defendant's affidavits assert that defendant has placed his enemies list on his record; plaintiff has offered no rebuttal. Defendant's affidavits assert further that none of plaintiff's enemies are present in the SHU where he currently resides; plaintiff again has offered no rebuttal. Although plaintiff states his concern that he may be returned to OCCC to a double-bunking assignment, he offers no allegations of ongoing serious physical injury or of any pattern of misconduct evidencing a likelihood of imminent serious injury. See Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

In sum, the generalized and speculative nature of plaintiff's allegations of possible future harm does not meet his burden of showing imminent danger of serious physical injury for purposes of application of the exception to the three strikes rule and eligibility to proceed *in forma pauperis*.

### III. Conclusion

Based on the foregoing, it is hereby ordered that:

1. Defendant Lisa Mitchell's Motion to reconsider [#45] is ALLOWED;

2. The Court's previous grant of plaintiff's Motion for Leave to Proceed *in forma pauperis* [#2] is VACATED;

3. Plaintiff's Motion for Leave to Proceed *in forma pauperis* is DENIED;

4. This action shall be dismissed in its entirety unless, within 21 days of the date of this Memorandum and Order, plaintiff pays the $350.00 filing fee and $50.00 administrative fee; and

4. This action is <u>STAYED</u> pending further Order of the Court.  This includes a STAY of the Order [#41] for appointment of *pro bono* counsel.

**SO ORDERED.**

                                /s/ Indira Talwani
                                Indira Talwani
                                United States District Judge